# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Horizon Global Americas Inc.

      Plaintiff,

    v.

Dutton-Lainson Company,

      Defendant.

_____/

Case No. 2:17-cv-11747

Judge

Demand For Jury Trial

David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

and

Timothy J. Lowe (P68669)
MCDONALD HOPKINS LLC
39533 Woodward Ave., Suite 318
Bloomfield Hills, Michigan 48304
t 248.646.5070 │ f 248.646.5075
tlowe@mcdonaldhhopkins.com

*Attorneys for*
*Horizon Global Americas Inc.*

_____/

{6749237:}

## Complaint

For its complaint against defendant Dutton-Lainson Company ("Dutton"), plaintiff Horizon Global Americas Inc. ("Horizon") states:

## Summary of Case

1.     This is an action for damages and injunctive relief to remedy the infringement by Dutton of U.S. Patent No. 8,523,148 (the "'148 patent").

2.     The '148 patent is directed to improved jack assemblies for use with trailers or other towed vehicles.

## The Parties

3.     Horizon is a Delaware corporation with a principal place of business in Michigan. Prior to a recent name change, Horizon was known as Cequent Performance Products, Inc.

4.     Dutton is a Nebraska corporation with a principal place of business in Nebraska.

## Jurisdiction and Venue

5.     This Court has subject matter jurisdiction over Horizon's patent infringement claim under 28 U.S.C. § 1331 and § 1338 because it arises under federal law.

6.     This Court has personal jurisdiction over Dutton on various grounds, including (without limitation) because it has offered to sell and, upon information and belief, has actually sold products infringing the '148 patent in Michigan; it has intentionally caused tortious harm to Horizon in Michigan resulting from its infringing activities, with knowledge that such harm would be sustained by Horizon in Michigan; and, upon information and belief, it has regularly solicited business in Michigan, engaged in a persistent course of conducting business in Michigan, and derived substantial revenue from goods sold in Michigan.

7.     Venue is proper under 28 U.S.C. § 1400 because Dutton has committed acts of infringement in this district, and it has a regular and established place of business in this district. Among other things, Dutton operates an online store in this district at www.dutton-lainson.com that offers to sell Infringing Products (defined *infra*) in this district and through which customers in this district can order, and upon information and belief have ordered, Infringing Products for shipment into this district. Dutton also partners with online stores, including Amazon.com, that operate in this district, that can be accessed in this district, and which will ship, and upon information and belief have shipped, Dutton products into this district.

Dutton also has retail partners that own and operate brick-and-mortar stores in this district that sell Dutton products in this district, including Cabela's and Gander Mountain.

## Relevant Facts

### I.   The Patent

8.   Since around 1950, Horizon and its predecessors and affiliates have continually designed, produced, manufactured, and marketed a wide array of towing and trailer hitch products and accessories for trailer equipment manufacturers, wholesaler-distributors, and retail markets.

9.   Under its popular *Fulton*® brand name, Horizon is a market leader in trailer jacks for various industries, including towing, agricultural, marine, and recreational.

10.   The '148 patent issued on September 3, 2013.

11.   The '148 patent claims improvements to jack assemblies.

12.   Horizon is the exclusive owner of the '148 patent.

### II.   Dutton's Infringement of the '148 Patent

13.   Dutton is making, importing, using, selling, and/or offering to sell trailer jacks in the United States that are covered by one or more claims

of the '148 patent, including, without limitation, the DLx Tongue Jack (Product ID 22210) (collectively, the "Infringing Products").

14.     Dutton offers to sell and sells the Infringing Products throughout the United States and in this district.

15.     Dutton has knowledge of the '148 patent at least because Horizon's counsel provided written notice of infringement of the '148 patent to Dutton on March 24, 2017. In response to that notice, Dutton has not asserted that its Infringing Products are not covered by the '148 patent (it asserted only an incorrect invalidity defense), and it has continued to sell the Infringing Products and to continue its infringement in a willful way.

<u>**Count One**</u>
*Patent Infringement*

16.     Horizon incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

17.     As shown on the claim chart attached as Exhibit 1, the Infringing Products are covered by at least claim 15 of the '148 patent.

18.     Dutton has directly infringed, and continues to directly infringe, the '148 patent by selling, offering to sell, using, making and/or importing the Infringing Products in the United States.

19.    The Infringing Products' only commercial use is as a jack assembly for a towed vehicle.

20.    Any use of the Infringing Products as a jack assembly for a towed vehicle is an act of direct infringement of the '148 patent.

21.    Because the sole intended use of the Infringing Products is an infringing use, the Infringing Products have no substantial non-infringing uses.

22.    Dutton has induced infringement of the '148 patent at least because, with knowledge of the '148 patent, it intentionally and actively induced end users of the Infringing Products to use them in a manner that infringes the '148 patent with specific intent that they do so.

23.    Dutton has further induced infringement of the '148 patent by selling the Infringing Products to distributors, retailers, and other resellers with specific intent that they infringe the '148 patent by reselling the Infringing Products to others.

24.    Dutton has contributed to infringement of the '148 patent at least by selling the Infringing Products, which have no substantial use other than an infringing use as a jack assembly for a towed vehicle.

25. Dutton's infringements of the '148 patent were, and continue to be, willful and deliberate.

26. Horizon has been damaged by Dutton's infringing activities, and it will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

## Prayer for Relief

WHEREFORE, Horizon prays for judgment against Dutton as follows:

(A)    A finding that Dutton has directly infringed at least claim 15 of the '148 patent under 35 U.S.C. § 271(a).

(B)    A finding that Dutton has induced infringement of at least claim 15 of the '148 patent under 35 U.S.C. § 271(b).

(C)    A finding that Dutton has contributed to the infringement of at least claim 15 of the '148 patent under 35 U.S.C. § 271(c).

(D)    Preliminary and permanent injunctive relief enjoining Dutton and its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with them, and all others aiding, abetting, or acting in concert or active participation therewith, from: (1) making, using, selling, offering to sell, or

importing into the U.S. any device covered by the '148 patent under; or (2) otherwise directly or indirectly infringing the '148 patent.

(E)     Compensatory damages under 35 U.S.C. § 284.

(F)     Treble damages under 35 U.S.C. § 284.

(G)     An order that Dutton accounts to Horizon for all sales, revenues, and profits derived from their infringing activities and that three times those profits be disgorged and paid to Horizon under 35 U.S.C. § 284.

(H)     Attorneys' fees under 35 U.S.C. § 285.

(I)     Pre-judgment and post-judgment interest.

(J)     Costs of the action.

(K)     Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

June 2, 2017

Timothy J. Lowe (P68669)
McDONALD HOPKINS LLC
39533 Woodward Ave., Suite 318
Bloomfield Hills, Michigan 48304
t 248.646.5070 | f 248.646.5075
tlowe@mcdonaldhhopkins.com

  s/ Matthew J. Cavanagh
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
McDONALD HOPKINS LLC
600 Superior Avenue,
East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for Horizon Global Americas Inc.*

## **Jury Demand**

Plaintiff Horizon Global Americas Inc. hereby demands a jury trial for

all issues so triable.

  s/ Matthew J. Cavanagh    
*Counsel for*
*Horizon Global Americas Inc.*
